**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SPECIALTY SURGICAL INSTRUMENTATION, INC. d/b/a SYMMETRY SURGICAL, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. ) |
| NOVO SURGICAL, INC. | ) JURY TRIAL DEMANDED ) ) |
| Defendant. | ) ) ) |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff Specialty Surgical Instrumentation, Inc. d/b/a Symmetry Surgical, Inc. ("Symmetry"), by its attorneys Ice Miller LLP and in support of its Complaint against Novo Surgical, Inc. ("Defendant"), asserts the following allegations:

**NATURE OF ACTION**

1. This action results from, among other things, Defendant's willful infringement of Symmetry's product catalog, which Symmetry owns and has copyrighted. In order to pass off its own products as Symmetry's products, Defendant copied hundreds of product descriptions and photographs from Symmetry's copyrighted product catalog—with typos included—and used them in its own product catalog. Novo benefitted at Symmetry's expense and now refuses to acknowledge its infringing conduct.

2. As a result of Defendant's willful, unauthorized and infringing copying, alteration, distribution and display of Symmetry's works, and as a result of Defendant's false, deceptive and misleading practices, such as using Symmetry's advertising material and unique product numbering system to sell its own products, Symmetry brings this action for copyright

infringement arising under the Federal Copyright Act, 17 U.S.C. § 101 *et seq.* and federal unfair competition arising under the Lanham Act, 15 U.S.C. § 1125(a).

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, as Symmetry's claims arise under and relate to the Federal Copyright Act, 17 U.S.C. §§ 101 *et seq.* and the Lanham Act, § 1125(a).

4. Pursuant to 28 U.S.C. § 1391(b) venue is proper in this District because the claims arose in this District, a substantial part of the events giving rise to Symmetry's claims occurred in this District, and the Defendant resides in this District, can be found in this District, and is doing business in this District.

5. This Court has jurisdiction over Defendant because its principal place of business is located in Illinois and in this District, and because Defendant is transacting business and engaging in various activities within Illinois and this District. A substantial part of the events giving rise to Symmetry's claims also occurred in Illinois and in this District.

## PARTIES

6. Specialty Surgical Instrumentation, Inc. is a Tennessee Corporation with its principal place of business at 3034 Owen Drive, Antioch, TN 37013. Specialty Surgical Instrumentation, Inc. does business under the registered assumed name Symmetry Surgical Inc., as defined above. Symmetry is a manufacturer and distributor of quality surgical instruments, including the exclusive distributor of several surgical instrument brands and made-to-order instruments.

7. Defendant Novo Surgical, Inc. is an Illinois corporation with its principal place of business at 700 Commerce Drive, Suite 500 – No. 118, Oak Brook, IL 60523. Defendant also manufactures and distributes surgical instruments, and is a direct competitor of Symmetry.

## FACTS

8. Symmetry owns the copyright in and to two collective works embodied in certain duly and legally issued copyright registration certificates (individually and collectively, the "Copyrighted Works") described as follows:

    a. Registration TX 8-293-313 described as SPECIALTY SURGICAL INSTRUMENTATION CATALOG, registered on May 13, 2016 covering text and photographs and published December 31, 2008.

    b. Registration TX 8-199-410 described as SYMMETRY SURGICAL CATALOG, registered December 7, 2015 covering text and photographs and published April 17, 2013.

9. The Copyrighted Works are original and copyrightable subject matter under the laws of the United States. Symmetry placed copyright management information on the Copyrighted Works, including ownership information. Symmetry complied in all respects with the Copyright Act of 1976, as amended, and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyrights in the Copyrighted Works.

10. At all relevant times, Symmetry has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in the Copyrighted Works.

11. Symmetry has expended large sums of money in developing, advertising and promoting the Copyrighted Works since they were published in 2008 and 2013, respectively.

From 2008 to present, Symmetry promotes and advertises its products to its consumers with and using the Copyrighted Works.

12. The Copyrighted Works are distributed publicly in both paper and digital form.

13. The Copyrighted Works are available for public download on the website located at /www.symmetrysurgical.com/.

14. During the course of exercising its exclusive rights in and to the Copyright Works, Symmetry found certain typographical errors in the text of the Copyrighted Works and made changes to the Copyrighted Works to correct the errors in the text.

15. Symmetry utilizes a unique numbering and identification system by which it specifically identifies each of its products. This identification process serves to distinguish its products from each other, and from Symmetry's competitors' products.

16. Within the relevant time period and on a continuing basis, Symmetry's customers and other consumers generally recognize Symmetry's individual products by the unique numbering and identification system, and are able to distinguish Symmetry's products from each other and from its competitors' products based on Symmetry's unique system.

17. Defendant, like Symmetry, also uses written and digital material to advertise and promote its own products in a variety of forms, including but not limited to product catalogues. Defendant's advertising and promotional materials are displayed and distributed to the public in both printed and online forms.

18. Defendant has advertising and promotional material, including product catalogues that are available at /www.novosurgical.com/.

19. On or about November, 2015, Symmetry became aware that Defendant's advertising and promotional materials, including its product catalogues, contained Symmetry's

Copyrighted Works, and it was clear that Defendant used Symmetry's Copyrighted Works to create Defendant's own advertising and promotional materials, including its product catalogues.

20. In fact, within the relevant time period and on a continuing basis, Defendant's product catalogues incorporated both text and images taken and copied directly from Plaintiff's Copyrighted Works. Rather tellingly, Defendant's product catalogues copied, published and contained the exact same typographical errors that Symmetry's catalogues contained, and later corrected, in the text of Plaintiff's Copyrighted Works.

21. On information and belief, within the relevant time period, Defendant knowingly removed Plaintiff's copyright management information from the Copyrighted Works. On information and belief, within the relevant time period, Defendant also knowingly and willfully used Symmetry's copyrighted images of products in an attempt to pass off its own products as Symmetry's products in Defendant's advertising and promotional material.

22. Defendant also purposely mimicked Symmetry's unique numbering and identification process to deceive customers into purchasing Defendant's products instead of Symmetry's products. The difference between Defendant's numbering system and Symmetry's numbering system consisted of moving a hyphen, as Defendant made a concerted effort to confuse customers into thinking that they were purchasing Symmetry's products.

23. On information and belief, within the relevant time period, the actual products Defendant offers and delivers to its customers are not the products that appear in Defendant's advertising and promotional material. Rather, the products that Defendant offers and delivers to its customers are Defendant's products, while the products that appear in Defendant's advertising and promotional material are, in actuality, Symmetry's products.

24. Plaintiff's products and Defendant's products are not identical.

25. On several occasions, including but not limited to November 9, 2015 and June 16, 2017, Symmetry sent Defendant cease and desist letters requesting that Defendant stop using Symmetry's Copyrighted Works, Symmetry's product images and Symmetry's unique product numbering and identification system to advertise, promote and sell Defendant's products. Symmetry continued to request that Defendant cease and desist from its infringing and unlawful activity to no avail, thereby forcing Symmetry to initiate this lawsuit.

## COUNT I: COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501

26. Symmetry repeats and realleges the allegations of Paragraphs 1 through 25 as though fully set forth herein.

27. Symmetry is the exclusive owner of the copyrights in all of the asserted Copyrighted Works.

28. Symmetry has complied in all respects with the Copyright Act of 1976, as amended, and all other laws governing copyright, including the registration of the Copyrighted Works.

29. On information and belief, during the relevant time period and on a continuing basis, Defendant has access to the Copyrighted Works.

30. On information and belief, during the relevant time period, Defendant acted without authorization and reproduced, prepared derivative works based on, distributed, displayed publicly and/or copied one or more of the Copyrighted Works in a manner substantially similar to, if not identical, to the Copyrighted Works.

31. Each infringement by Defendant of Symmetry's Copyrighted Works constitutes a separate and distinct act of infringement.

32. Upon information and belief, the aforesaid infringements are ongoing and are likely to continue.

33. Defendant knowingly, recklessly, and willfully infringed Symmetry's exclusive rights in one or more of the Copyrighted Works.

34. As a direct and proximate result of Defendant's unauthorized copying, alteration, distribution, and display of the Copyrighted Works, Symmetry has suffered and will continue to suffer irreparable harm, damages, and economic injury.

### COUNT II: COPYRIGHT MANAGEMENT INFORMATION, 17 U.S.C. §1202

35. Symmetry repeats and realleges the allegations of Paragraphs 1 through 34 as though fully set forth herein.

36. Symmetry displayed copyright information on, imbedded in or in connection with the Copyrighted Works, including ownership information. This and related information constitutes "Copyright Management Information" as defined by 17 U.S.C. § 1202(c).

37. On information and belief, within the relevant time period, Defendant intentionally removed and/or altered the Copyright Management Information associated with the Copyrighted Work in connection with its unauthorized copying, alteration, distribution and display of Symmetry's Copyrighted Work.

38. Defendant knew or had reasonable grounds to know that removal of such Copyright Management Information would induce, enable, facilitate or conceal infringement of the Copyrighted Work.

39. Defendant's removal and/or alteration of Copyright Management Information is and has been without Symmetry's authorization or consent.

40. Symmetry has been harmed through Defendant's removal and/or alteration of Copyright Management Information associated with the Copyrighted Work.

41. As a result of Defendant's wrongful conduct, Plaintiff is entitled to injunctive relief and statutory damages pursuant to 17 U.S.C. § 1203.

### COUNT III:  UNFAIR COMPETITION, 15 U.S.C. §1125(a)

42. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 41 as though fully set forth herein.

43. On information and belief, within the relevant time period and on a continuing basis, Defendant, as a direct competitor to Symmetry, has distributed surgical instruments similar to those that Symmetry distributes.

44. On information and belief, within the relevant time period and on a continuing basis, Defendant, through its representatives acting under its supervision and control, misappropriated images of Symmetry's products from Symmetry's advertising material and used those images in Defendant's advertising and promotional material with the false and misleading claim that the images represented Defendant's products.

45. Symmetry has not authorized or consented to Defendant's use of its product images nor does it have any agreements or understandings with Defendant concerning the use of its product images in Defendant's own product catalog or advertising material.

46. On information and belief, within the relevant time period and on a continuing basis, the products Defendant offers for sale, sells, and is prepared to deliver are Defendant's products, not Symmetry's products.

47. On information and belief, within the relevant time period and on a continuing basis, Defendant misrepresented to consumers that the products Defendant offers for sale, sells, and is prepared to deliver to consumers are Symmetry's products.

48. Symmetry's products and Defendant's products are not identical.

49. These material false, deceptive and misleading statements or misrepresentations were communicated by Defendant to actual and potential customers by means of advertising and promotional material and online websites.

50. Defendant knew, or had reason to believe, that these representations were false or misleading and were likely to cause a substantial segment of actual and potential buyers to be deceived, confused and/or mistaken about the nature, source, characteristics, qualities and/or origin of Defendant's products.

51. Defendant's false, deceptive, and misleading practices have affected a substantial volume of interstate commerce and caused harm to Symmetry.

52. Defendant's actionable and wrongful conduct has caused commercial and competitive injury including irreparable harm, damages and economic injury to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Symmetry prays for findings and judgment in its favor against Defendant as follows:

a. That Defendant has infringed Symmetry's copyrights under 17 U.S.C. § 501;

b. That Defendant and its agents, servants, employees, officers, attorneys, successors, licensees, partners and assigns, and all persons acting in concert or participation with each or any of them, are hereby permanently enjoined from directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the

infringement of Symmetry's copyrights in the Copyrighted Works or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created;

  c. That Defendant be required to account for all profits, income, receipts or other benefits derived by Defendant as a result of their unlawful conduct;

  d. That Symmetry be awarded damages for Defendant's copyright infringement based on: (i) Defendant's profits derived from their unlawful infringement of Symmetry's copyrighted works and infringing devices thereof; (ii) Symmetry's actual damages sustained from Defendant's infringement; and (iii) statutory damages for each act of willful infringement in an amount up to $150,000 per work, as set forth in 17 U.S.C. §§504 & 505, at Symmetry's election before the entry of a final judgment, together with pre-judgement and post-judgement interest;

  e. That the Court order destruction of all materials in Defendant's possession or control, physical and digital, that copy or are derived from Symmetry's Copyrighted Works, including any materials substantially similar to the Copyrighted Works and all other articles by which such copies may be produced, as provided by 17 U.S.C. §503;

  f. That Symmetry be awarded statutory damages for Defendant's alteration and removal of Copyright Management Information under 17 U.S.C. § 1203(c) in an amount of $25,000 per violation of 17 U.S.C. §1202, together with pre-judgement and post-judgement interest;

  g. That the Court award Symmetry costs of suit incurred herein, including attorneys' fees, as provided by 17 U.S.C. §§505 and 1202;

  h. That Defendant engaged in unfair competition practices in violation of 15 U.S.C. §1125(a);

i.  That Defendant and its agents, servants, employees, officers, attorneys, successors, licensees, partners and assigns, and all persons acting in concert or participation with each or any of them, are hereby permanently enjoined from directly or indirectly causing, enabling, facilitating, encouraging, promoting, and inducing or participating in false, deceptive, and misleading practices;

j.  That the Court award Symmetry disgorgement of Defendant's profits and Symmetry's actual damages and that such profits and actual damages be trebled because of Defendant's exceptional and willful unfair competition practices in violation of 15 U.S.C. §1125(a), as provided by 15 U.S.C. §1117;

k.  That the Court award such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Symmetry hereby demands a jury in accordance with FED. R. CIV. P. 38(b).

Respectfully submitted,

/s/     Isaac J. Colunga
One of its Attorneys

Isaac J. Colunga
Alice Kelly
**ICE MILLER LLP**
200 West Madison Street, Suite 3500
Chicago, IL  60606
Phone: (312) 726-7157
isaac.colunga@icemiller.com
alice.kelly@icemiller.com

*Counsel for Symmetry Surgical, Inc.*